**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**GEORGE VOEKS,**

            **Plaintiff,**

    **v.**                                                                   **Case No. 07-C-31**

**PILOT TRAVEL CENTERS,**

            **Defendant.**

---

## DECISION AND ORDER

---

This is a putative class action brought by Plaintiff George Voeks ("Voeks") against Defendant Pilot Travel Centers ("Pilot") alleging a claim for violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693[1] *et seq.* ("EFTA" or the "Act"), and its implementing regulations, 12 C.F.R. § 205[2] *et seq.* (Count I), and a common law claim for unjust enrichment (Count II). The Complaint alleges, upon information and belief including the investigation of counsel, that Pilot, the nation's largest retail operator of travel centers which operates automated teller machines ("ATMs"), has violated the EFTA and its regulations by imposing a fee upon ATM consumers without providing an accurate notice on its ATM screen. Instead of Pilot's notice stating that a fee **will** be imposed as a part of the

---

[1] To simplify this decision, the Court will refer to the provisions of the EFTA, without reference to Title 15 or the United States Code.

[2] Likewise, to simplify the decision, the Court will refer to provisions of the implementing regulations, without reference to Title 12 or the Code of Federal Regulations.

consumer's transaction, the notice states that a fee **may** be assessed, even though a fee is then assessed and collected as a part of the transaction. The Complaint also alleges that Pilot collects a fee without providing a physical notice at some of its ATM locations which is also required by the Act.

The matter is before the Court on Pilot's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal of the actual damages claim of Count I.[3]

### *Rule 12(b)(6) Standard*

Under the federal notice-pleading regime, Federal Rule of Civil Procedure 8(c), a party need only give "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order 'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, ___U.S. ___, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). *Bell Atlantic* "retired" the statement in *Conley*, 355 U.S at 45-46, that "the accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atl.*, 127 S.Ct. at 1968.

The *Bell Atlantic* court stated that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.; Sanjuan v.*

---

[3] The motion also sought dismissal of the unjust enrichment claim of Count II in its entirety. However, after the briefing of the motion was complete, Voeks filed an expedited non-dispositive motion to submit authority in opposition to the motion and for leave to withdraw the unjust enrichment claim. The Court granted the motion on September 20, 2007. Therefore, that aspect of the motion seeking dismissal of the unjust enrichment claim is moot.

*American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994), a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation')." *Bell Atl. Corp.*, 127 S. Ct. at 1964-65.

A complaint must contain "only enough facts to state a claim to relief that is plausible on its face . . . plaintiffs [must] nudge . . . their claims across the line from conceivable to plausible" to overcome a Rule 12(b)(6) dismissal motion. *Bell Atl. Corp.*, 127 S.Ct. at 1974. Furthermore, if a party includes particular fact allegations with his claim, and the allegations demonstrate that the claim has no merit, then the claim must be dismissed – the party has plead himself out of court. *Thomas v. Farley*, 31 F.3d 557, 558 (7th Cir. 1994).

### *Statutory and Regulatory Background*

The EFTA protects consumers by providing a "basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1328 (7th Cir. 1997) (quoting 15 U.S.C. § 1693(b)). Electronic fund transfers covered by the Act have three components: 1) a transfer of funds; 2) that is initiated by electronic means, and 3) debits or credits a consumer account. *Bass*, 111 F.3d at 1328.

Section 1693b(d)(3)(C) of Title 15 of the United States Code provides:

> No fee may be imposed by any automated teller
> machine operator in connection with any electronic

3

> fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless –
>
> (i) the consumer receives such notice in accordance with subparagraph (B); and
>
> (ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

The implementing regulation, promulgated by the Board of Governors of the Federal Reserve System, § 205.16(b) states:

> An automated teller machine operator that imposes a fee on a consumer for initiating an electronic fund transfer or a balance inquiry shall:
>
> (1) Provide notice that a fee will be imposed for providing electronic fund transfer services or a balance inquiry; and
>
> (2) Disclose the amount of the fee.

Section 205.16(c) also specifies the notice to be provided to consumers:

> Notice requirement. To meet the requirements of paragraph (b) of this section, an automated teller machine operator must comply with the following:
>
> (1) On the machine. Post in a prominent and conspicuous location on or at the automated teller machine a notice that:
>
> (i) A fee will be imposed for providing electronic fund transfer services or for a balance inquiry; or
>
> (ii) A fee may be imposed for providing electronic fund transfer services or for a balance inquiry, but the notice in this paragraph (c)(1)(ii) may be substituted for the notice in paragraph (c)(1)(i) only

> > if there are circumstances under which a fee will not be imposed for such services; **and**
> >
> > (2) Screen or paper notice. Provide the notice required by paragraphs (b)(1) and (b)(2) of this section either by showing it on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying a fee.
>
> (emphasis added).

The actual damages provision of § 1693m(a)(1) states:

> Except as otherwise provided by this section and section 1693h of this title, any person who fails to comply with any provision of this subchapter with respect to any consumer, except for an error resolved in accordance with section 1693f of this title, is liable to such consumer in an amount equal to the sum of –
>
> (1) any actual damage sustained by such consumer as a result of such failure;

### *Analysis*

Pilot maintains that proof of detrimental reliance must be established to recover actual damages and since Voeks has not plead detrimental reliance and, based on the allegations of the Complaint, cannot prove detrimental reliance, his actual damage claim is subject to dismissal. Pilot also maintains that the voluntary payment doctrine and a variant of

that doctrine, *volenti non fit injuria*[4] precludes Voeks' actual damages claim.[5]  By brief and two recent decisions issued in this district, Voeks opposes the motion.

*Detrimental Reliance*

There are a handful of decisions on the detrimental reliance issue as it relates to EFTA. *Voeks v. Wal-Mart Stores*, No. 07-C-0030, 2007 WL 2358645 (E.D. Wis. Aug. 17, 2007) and *Mayotte v. Associated Bank, N.A.*, 07-C-0033, 2007 WL 2358646 (E.D. Wis. Aug. 17, 2007),[6] rejected the contention that a EFTA plaintiff must show detrimental reliance to recover actual damages under 15 U.S.C. § 1693m(a)(1).  Relying on the language of § 1693m(a)(1), *Voeks* and *Mayotte* ("*V & M*") hold that a plaintiff must prove causation to recover damages, and that while proof of causation could include detrimental reliance, it is not required.  In so holding, the court analyzed and distinguished three earlier district court decisions, all holding that a plaintiff must prove detrimental reliance under the EFTA to recover actual damages.  The three earlier decisions are:  *Brown v. Bank of America*, 457 F. Supp. 2d 82, 90 (D. Mass. 2006); *Polo v. Goodings Supermarkets*, 232 F.R.D. 399, 408 (M.D.

---

[4] A maxim meaning that "if one, knowing and comprehending the danger, voluntarily exposes himself to it, though not negligent in so doing, he is deemed to have assumed the risk and is precluded from a recovery for a [resulting] injury." *Black's Law Dictionary*, 1575 (6th ed. 1990).

[5] A portion of footnote 3 of the Memorandum in Support of the Defendant's Motion to Dismiss contradicts the majority of Pilot's argument stating that "therefore Pilot does not seek dismissal of any claim for **actual** damages under the EFTA pursuant to the voluntary payment doctrine."  From the context, it is obvious that Pilot meant to state that it does **not** seek dismissal of the statutory damages claim pursuant to that doctrine.

[6] *Voeks* and *Mayotte* were issued by United States Magistrate Judge William E. Callahan.  His rulings and analysis in the two actions are virtually identical.  The law firm of Ademi & O'Reilly LLP represents the plaintiffs in those actions and this action.  It also is one of the two law firms representing the plaintiff in *Mowry*.

Fla. 2004); and *Martz v. PNC Bank*, No. Civ A 06-1075, 2006 WL 3840354 *5-*6 (W.D. Pa. Nov. 30, 2006).[7]

*Brown*, 457 F. Supp. 2d at 90, decided upon summary judgment, states that it was the first reported case interpreting the actual damages provision of the EFTA. The court borrowed from case law interpreting "the identical damages provision" of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1604, holding that in order to recover actual damages plaintiffs must establish detrimental reliance. *Id*. (citing *Bizier v. Globe Fin. Servs., Inc.*, 654 F.2d 1, 4 (1st Cir. 1981); *Turner v. Beneficial Corp.*, 242 F.3d 1023, 1028 (11th Cir. 2001)).

*Polo*, 232 F.R.D. at 408, which predates *Brown*, is a decision adopting a magistrate judge's recommendation that class action certification be denied. In that recommendation, although concluding that none of the Rule 23(a) requirements for class certification were present, the court also addressed whether the generalized issues predominated over the individual issues under Rule 23(b)(3). *Id*. The court accepted the defendants' contention that every potential class member must prove detrimental reliance stating that Polo offered "no authority for his inference that [the] EFTA excuses plaintiffs from proving that their actual damages flowed from a detrimental reliance on erroneous fee postings." *Id*. The court observed that proof of actual damages normally requires proof of an actual harm suffered by each consumer. *Id*. The court further held that it would be required

---

[7]Pilot relies upon these three cases and a scheduling order issued sua sponte in *Mowry v. J.P. Morgan Chase Bank, N.A.,* No. 1:06-CV-4312, 2006 WL 2385296 (N.D. Ill. Aug. 11, 2006) which raised the issues regarding the actual damages component of a similar EFTA claim, including the doctrine of *volenti non fit injuria*, and that court's subsequent dismissal of actual damages component of the EFTA claim by minute order of October 13, 2006. (*See* Attach. Reply Mem. Support Def.'s Mot. Dismiss (*Mowry*, Docket as of 5/29/07, Docket Entry No. 31 (N.D. Ill.)).) *Mowry* reflects the court's determination but, at best, provides little indication of the court's analysis.

to determine as to each class member "1.) whether the consumer actually saw and relied on an improper notice in deciding to proceed with the ATM transaction; 2.) if so, whether the consumer would have proceeded with that transaction had the notices all been correct; and 3.) whether the consumer actually paid the fee without reimbursement." *Id.* (quoting *Andrews v. American Tel. and Tel. Co.*, 95 F.3d 1014, 1025 (11th Cir. 1996) (denying certification due to lack of predominance where, even if plaintiffs could demonstrate the existence of common scheme, "the plaintiffs would . . . have to show, on an individual basis, that they relied on the misrepresentations, suffered injury as a result, and incurred a demonstrable amount of damages")).

*Martz*, addressed a motion seeking dismissal of that aspect of an EFTA claim for actual damages under § 1693m(a). While summarizing *Brown* and *Polo*, the *Martz* court did not establish a definite position on the requirements for proof of actual damages. *Brown* follows the TILA precedent,[8] and while the TILA and the EFTA are separate subchapters of

---

[8]The court of appeals for four circuits have held that proof of reliance is required to recover actual damages under the TILA. *In re Currency Conversion Fee Antitrust Litig.*, 265 F.Supp.2d 385, 428 (S.D.N.Y. 2003)(citing *Gold Country Lenders v. Smith*, 289 F.3d 1155, 1157 (9th Cir. 2002); *Turner v. Beneficial Corp.*, 242 F.3d 1023, 1026-28 (11th Cir. 2001) (en banc); *Perrone v. Gen. Motors Acceptance Corp.*, 232 F.3d 433, 436-40 (5th Cir. 2000); *Peters v. Jim Lupient Oldsmobile Co.*, 220 F.3d 915, 916-17 (8th Cir. 2000); *Stout v. J.D. Byrider*, 228 F.3d 709, 718 (6th Cir. 2000); *see also Bizier v. Globe Fin. Servs., Inc.*, 654 F.2d 1, 4 (1st Cir. 1981) (noting, in dicta, that "such conventional contract-law elements as damages and causation must be shown in addition to a threshold showing of a violation of a TILA requirement"). Neither this Court's research nor the parties' briefs, disclose any decision of the Seventh Circuit Court of Appeals on the issue. However, a number of Illinois district courts have followed the trend and found that proof of detrimental reliance is required to recover actual damages under the TILA. *See Murry v. Am.'s Mortgage Banc, Inc.*, No. 03-C-5811, 2006 WL 1647531, at *5 (N.D. Ill. June 5, 2006); *Nevarez v. O'Connor Chevrolet, Inc.*, 303 F. Supp. 2d 927, 934 (N.D. Ill. 2004); *Groth v. Rohr-Ville Motors*, 1997 WL 630189, at *4 (N.D. Ill. Sept. 30, 1997); *Cirone-Shadow v. Union Nissan of Waukegan*, 955 F. Supp. 938, 943 (N.D. Ill. 1997).

the Consumer Credit Protection Act, this Court concludes that the cases that hold the TILA to be a useful analogy in analyzing the EFTA are correct.[9] *See Brewer*, 111 F.3d 1322 n.9.

Voeks relies upon the *V & M* decisions which take a different approach to the matter of actual damages. In analyzing the language of § 1693m(a)(1), the court said:

> To be sure the phrase "as a result of" in § 1693m(a)(1) (and in the corresponding actual damages provision of TILA) indicates that in order to recover actual damages, the alleged violation must be the cause of the harm. However, this phrase does not necessarily mean that causation of harm must be proven through a showing of detrimental reliance. Rather, whether a showing of detrimental reliance is required to prove causation of harm is dependent on the specific statutory provision alleged to have been violated.

*Mayotte*, No. 07-C-0033, 2007 WL 2358646, at *4. *See also Voeks*, No. 07-C-0030, 2007 WL 2358645, at *4. The court further stated that:

> For violations of 15 U.S.C. § 1693b(d)(3)(C), a defendant would fail to comply with the EFTA if it charged a fee without providing proper notice. Although improper notice is an element of this statutory provision, the actual violation is not predicated on defective notice as in 12 C.F.R. § 205.16(b), but rather is predicated on the improper imposition of a fee. Such being the case, in order to recover actual damages for alleged violations of 15 U.S.C. § 1693b(d)(3)(A), a plaintiff would have to show that her damages were "as a result" of the defendant's improperly charging her a fee. Given that Mayotte's alleged actual damages are her

---

[9]It should be noted that with respect the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o, another subchapter of the Consumer Credit Protection Act, the Seventh Court of Appeals characterized as "untenable" the suggestion that it graft a credit requirement either from the Fair Debt Collection Practices Act or from the independently codified purpose of the TILA. Despite this, this Court finds the TILA to be a useful analogy. *Id*.

9

> payment of the fee, the improper charging of this fee would arguably be the cause of her damages. Stated another way, Mayotte's payment of the fee would be "as a result of" Associated's improper imposition of the fee. Given that the alleged violation itself is arguably the cause of Mayotte's alleged actual damages, detrimental reliance is not needed to prove causation.

*Mayotte*, No. 07-C-0033, 2007 WL 2358646, at *5. *See also*, *Voeks*, No. 07-C-0030, 2007 WL 2358645, at *5.

This Court disagrees with the *V & M* analyses for the following reasons. It is clear that Voeks is entitled to recover "actual damage sustained . . . as a result of the [defendant's] failure." § 1693m(a)(1). That is, Voeks's actual damages have to be proximately caused by the Defendant's failure as recognized under the statute. But, what is the liability equation of the statute that gives rise to damages?

The *V & M* court correctly recognized that the violation or failure under the statute which gives rise to actual damages is not only the failure to provide the requisite notice but also the subsequent imposition of a fee for the services provided. Failure to provide proper notice does not, of itself, give rise to the failure or violation under the statute. Failure to provide proper notice and then assessing a fee for the electronic funds transfer service is the violation contemplated by the statute which, in turn, gives rise to liability for damages.

The statutory equation for liability therefore is: improper notice + fee assessment = failure/violation. Even further, the equation's fee assessment factor already incorporates or subsumes payment by the consumer because of the electronic nature of the transaction. Thus, when the statute discusses "imposing a fee," it refers to the third component

10

of any electronic fund transfer (*see Bass*, 111 F.3d at 1328) which is the debiting of a consumer account. The consumer, in reality, pays the charge when it is assessed. Therefore, assessment and payment are in effect one and the same. That is to say: assessment = payment. Because the payment is subsumed or incorporated into the assessment factor it is part and parcel of the statute's liability equation and therefore is not related to damages.

The *V & M* court conflates liability and damages when it states that the payment of a fee for services rendered (which is an essential part of the failure recognized by the liability equation of the statute) is also the "actual damages" contemplated by the statute. "[A]lleged actual damages are [the] payment of the fee." *Voeks*, No. 07-C-0030, 2007 WL 2358645, at * 5; *Mayotte*, No. 07-C-0033, 2007 WL 2358646, at *5. Again, this is not so because payment of the fee is the same as the assessment which is part of the liability equation. Thus, under *V & M* assessment/payment of the fee becomes both the cause of the "actual damages" and the "actual damages" themselves. Not only does this conclusion combine the concepts of liability and damages causing no little confusion, it reads into the statute a definition of "actual damages" that is not there and offers a view of actual damages that runs counter to what that term usually encompasses.

As to the latter, actual damages are "real, substantial and just damages . . . [for] actual and real loss or injury, as opposed to "nominal" damages. *Black's Law Dictionary* at 390. "Nominal" damages are "a trifling sum awarded to a plaintiff . . . where there is no substantial loss or injury to be compensated," but still the law recognizes a technical invasion of his rights or a breach of the defendant's duty. *Id*. at 392. The payment of the $2.95 fee

11

might be considered "nominal damages," but even that is cast into doubt in light of the fact that Voeks received a service for the paid fee.

Without considering any other part of the statute, the loss suffered by Voeks can be characterized at most as "benefit of the bargain damage" which according to *Black's Law Dictionary* at 390, is the "[d]ifference between the value received and the value of the fraudulent party's performance as represented." Even if the payment of a $2.95 fee could be characterized as a "real" loss, it cannot be judged a substantial one; i.e., as a part of actual damages, as commonly understood. Therefore, this Court views as correct that line of cases which point out that a plaintiff must plead and prove detrimental reliance to establish actual damages.

Another consequence of treating the payment of fees as "actual damages" instead of as part and parcel of the liability equation, is to ignore the import of § 1693m(a)(2)(A) as the provider of remedies to the consumer for improperly noticed assessments. Section 1693m(a)(2)(A) can only be read as an effort by the Congress to provide a base-line remedy or relief for these types of transactions. This section is a recognition that, in individual actions, the transaction fee will usually be nominal (such as the $2.95 in this case). This recognition is reflected in the amounts of recovery for such nominal expenditures made by the consumer; $100 – $1,000 per individual transaction. (Of course, the process is given teeth by the award of costs and attorneys fees to the prevailing consumer.)

Section 1693m(a)(1) on the other hand provides remedies to the injured consumer for "actual damages" that are over and above those statutory penalties charged in

12

§ 1693m(a)(2)(A).  To read the assessment/payment of a nominal fee pursuant to an improper notice as actual damages under § 1693(a)(1) is to reduce the significance of (a)(1) as a larger remedy and ignore (a)(2)(A)'s purpose.

In short, the remedy that a customer has under the statute for the payment of a fee after inadequate notice is to seek those statutory damages under § 1653m(a)(2)(A) and then, to seek any "actual damages" under § 1693m(a)(1).  To show actual damages under § 1693m(a)(1) a plaintiff must plead and prove detrimental reliance.  Because Voeks has not so plead, this cause of action is dismissed.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Pilot's motion to dismiss the actual damages claim of Count I (Docket No. 13) is **GRANTED.**

Dated at Milwaukee, Wisconsin this 19th day of June, 2008.

**BY THE COURT**

 /s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**